UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **In Re: Dong Hee Lee** | : | Chapter 13 |
| | : | |
| **Debtor** | : | Bky. Case No. 25-14378-djb |

### AMENDED OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN

Movants, Yoon K. Jung and Bok Yeal Jung (collectively, the "Jungs"), creditors in the above-referenced case, submit this amended objection to the confirmation of the Debtor's Chapter 13 Plan and aver as follows:

1. Debtor petitioned for Chapter 13 bankruptcy on October 29, 2025, the same date, as more fully explained below, an Amended Complaint was filed against Debtor in the Montgomery County Court of Common Pleas for Debtor's breach of a lease agreement with the Jungs.

2. Contemporaneous with the filing of the Petition for Bankruptcy, Debtor filed a Chapter 13 Plan (Doc. No. 2), and, thereafter, on December 24, 2025, filed a First Amended Chapter 13 Plan (Doc. No. 18).

3. The morning of January 15, 2026, approximately one hour before the hearing on objections to the Chapter 13 Plan, Debtor, through counsel, filed Second Amended Chapter 13 Plan (Doc. No. 24).

4. For the reasons set forth in the Jungs' previous objection, which is incorporated herein at length, the Jungs further object to the Plan because the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim

is less than the amount that would be paid on such claim if the estate of the debtor were liquidated under Chapter 7. 11 U.S.C. § 1325(a)(4).

5.  In his Petition for Bankruptcy, Debtor valued his primary residence, a single-family home in Harleysville, Pennsylvania, at $441,280.00, a value he derives by applying a twenty percent (20%) liquidation discount to the market value of $551,600.00.

6.  A twenty percent liquidation discount, though, is inconsistent with the present real estate market, particularly in the Harleysville, Pennsylvania area.

7.  Similar properties that have sold within the community where Debtor resides have sold quickly and for values that are much closer to the market value Debtor has assigned to his property, $551,600.00.

8.  Therefore, given the value of Debtor's real property, Debtor should liquidate this asset as a means to repay creditors, who, under the proposed Second Amended Chapter 13 Plan will receive substantially less than would otherwise be the case.

9.  As set forth in the Jungs' original Objection, the Jungs are co-owners of real property in Montgomery County, Pennsylvania that they leased to Debtor through a written lease agreement with Debtor individually, permitting Debtor to operate a business known as the Bay Crab House.

10. Three months before the lease terminated on December 31, 2023, Debtor ceased making monthly rent payments and left the premises substantially damaged, impermissibly modified, and in complete disrepair, causing the Jungs to expend a significant amount of money to rehabilitate their property before the premises could be leased again.

11.     Because of Debtor's failure to pay rent and the damage that Debtor caused to the leased premises, Yoon K. Jung initiated a civil action, *pro se*, against the Debtor and certain family members in the Montgomery County Court of Common Pleas.

12.     Although Mr. Jung obtained a judgment, the Court subsequently opened it for procedural defects, after which the Jungs retained the undersigned, who moved for leave to amend the complaint against Debtor.

13.     On October 23, 2025, the Montgomery County Court of Common Pleas, by way of Order, granted the Yungs' request for leave to file an Amended Complaint, which was submitted on October 29, 2025 at 4:49 a.m., with filing acceptance electronically provided by the court at 8:54 a.m.

14.     On the very same date at 4:11 pm, a Suggestion of Bankruptcy was filed with the Montgomery County Court of Common Pleas by Debtor, who initiated the instant bankruptcy case at 3:20 pm local time, just hours after the Amended Complaint against Debtor was filed.

15.     Giving the time of Debtor's filing of the Petition for Bankruptcy, Debtor is impermissibly attempting to use the bankruptcy process to shield himself from the losses he caused the Jungs by failing to pay rent and, more importantly, intentionally damaging the Jungs' property.

16.     The Jungs filed a Proof of Claim in this case on January 7, 2026 for $81,512.00.

17.     Accordingly, and for the reasons set forth herein, the Jungs object to the Debtor's Chapter 13 Plan.

WHEREFORE, Bok Yeal Jung and Yoon K. Jung, respectfully request that this Honorable Court enter an order sustaining their objections and grant such other relief as the Court determines is just and proper.

                                                  Respectfully submitted,

Date:  February 11, 2026      BY:    /s/ *James G. Lare*
                                                          LARE LAW FIRM, LLC
                                                          595 Bethlehem Pk., Ste. 105
                                                          Montgomeryville, PA 18936
                                                          (215) 660-0400 (telephone)
                                                          (215) 644-7067 (fax)
                                                          jlare@larelawfirm.com

                                                          ***Attorney for Creditors,***
                                                          ***Bok Yeal Jung and Yoon K. Jung***